**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:17-cv-61484-DPG**

FRANCISCA D. LOCICERO, an individual,
on behalf of herself and all others similarly
situated,

        Plaintiff,                      **CLASS ACTION**

vs.

INTRUST BANK, N.A., a national banking
association, and GREENSKY, LLC, a Georgia
limited liability company,

        Defendants.
_____/

**MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
AND APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARD
AND INCORPORATED MEMORANDUM OF LAW**

        Plaintiff, Francisca D. Locicero, an individual, on behalf of herself and all others similarly situated ("Class Representative"), pursuant to Rule 54, Fed.R.Civ.P. and Rule 7.3, Local Rules of the United States District Court, Southern District of Florida, respectfully moves this Honorable Court for an order awarding attorney's fees and costs to counsel for the Class and for approval of the service award to the Class Representative, and in support would show as follows:

        1.        In the instant action, the Class Representative filed a Class Action Complaint against Defendants, Intrust Bank, N. A. ("Intrust") and Greensky, LLC ("Greensky") for violation of state and federal law, including the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and the Florida Credit Service Organization Act, Fla. Stat. §817.7001, *et seq.* ("CSOA") for the failure of Defendants to make adequate consumer financing disclosures in their written loan agreement.

1

2. After extensive arm's length settlement negotiations, including two lengthy mediations conducted before the Hon. Diana M. Welsh (Ret.), of JAMS Philadelphia, the parties drafted a term sheet outlining the parameters of settlement, which was eventually memorialized in a Class Action Settlement Agreement ("Settlement Agreement"), a copy of which has previously been filed with the Court.

3. On August 6, 2019, this Court entered an Order Preliminarily Approving Settlement Proposal, Conditionally Certifying the Settlement Class, Conditionally Appointing Settlement Class Counsel and Settlement Class Representative, Providing for Notice and Enjoining the Prosecution of Released Claims ("Preliminary Approval Order") [DE 90].

4. Pursuant to ¶11.1 of the Settlement Agreement, the parties agreed to the following with respect to attorney's fees and costs to be awarded to Class Counsel:

> 11. <u>Attorneys' Fees. Class Representative Fees and Litigation Costs and Expenses</u>
> 11.1 General: Class Counsel shall be paid reasonable attorneys' fees under the common fund doctrine ("Attorney Fee Award") together with litigation expenses, including court costs, mediation fees and travel expenses ("Litigation Expense Reimbursement") from the Settlement Fund, subject to Court approval. Settling Defendants recognize that the efforts of Class Counsel will benefit the Class and shall not object to any request by Class Counsel for an Attorney Fee Award (in addition to any incurred litigation expense) that does not exceed thirty-three and 1/3 (33⅓%) of the Settlement Fund. For purposes of this agreement, "litigation expense" shall include but shall not be limited to all reasonable costs and expenses, including mediator fees.
> 11.2 The Attorneys' Fees and Expense Award of Class Counsel shall be paid to Class Counsel by check to the Trust Account of Robert W. Murphy, Esquire, 1212 S.E. 2nd Avenue, Fort Lauderdale, Florida 33316; FEI No. 59-3211827 within ten (10) days from entry of the Final Judgment. The inability to deliver a check to a

Settlement Class Member shall not defeat the entitlement to fees and costs of Class Counsel on account of that Settlement Class Member's recovery.

11.3   The above amount is separate from all other consideration and remedies paid to and available to the Settlement Class, and payment of the above amount shall be in addition to and shall not decrease or increase the funds available to the Settlement Class Members.

("Attorney's Fees Provision").

5.   Pursuant to ¶19 of the Preliminary Approval Order, the Court stated: "[s]ettlement Class Counsel, or any other counsel or Persons who believe that they are entitled to an award of attorneys' fees or costs, are directed to file an application for attorneys' fees and costs no later than ten (10) days prior to the Fairness Hearing."

6.   Pursuant to ¶11.4 of the Settlement Agreement, Defendants agreed to pay a service award ("Service Award") to the Class Representative as follows:

11.4   The Parties agree that the Class Representative shall apply for service award ("Service Award") in the amount of Seven Thousand Five Hundred Dollars ($7,500.00). Settling Defendants agree not to object to this request for an individual Service Award. The amount of any such award shall be approved by the Court upon review of the Plaintiffs application. If approved by the Court, the Settlement Administrator shall deliver a check payable to the Class Representative for the approved amount to Class Counsel on or before the Distribution Date, and upon receipt of an executed Form W-9 from the Class Representative. This Service Award is in addition to the Class Representative's entitlement to a Settlement Payment in the manner as all Settlement Class Members will receive hereunder.

("Service Award Provision").

7.   Pursuant to the Preliminary Approval Order, the Court approved the form and content of the Class Notice set forth as Exhibit B to the Settlement Agreement. Pursuant to the Class Notice, Class Members were informed specifically of the amount and basis of the Attorney Fee Award and Service Award:

**6. How will the lawyers be paid? What will the Class Representative receive?**

Class Counsel will ask the Court to approve attorneys' fees and expenses ("Attorney Fee Request") to be paid from the Settlement Fund. As fees, Class Counsel will ask the Court to award the sum of 33 1/3 % of the Settlement Fund ($119,654.70), in addition to costs, travel, mediation and litigation expense incurred by Class Counsel in the amount of $15,000. Class Counsel will also ask the Court to approve an Incentive Award ("Incentive Award") of $7,500 to be paid from the Settlement Fund to the Class Representative for the time and resources she has spent helping the lawyer on behalf of the whole Class. The Court may award less than the requested amount to both Class Counsel and the Class Representative.

("Class Notice Fee Disclosure")

8. In support of the instant motion, the Class Representative has filed the following:

- Declaration of Robert W. Murphy, Esquire, dated November 11th, 2019 ("Murphy Declaration"), which is filed contemporaneously herewith and incorporated herein by reference as Exhibit "A"; and

- Declaration of Kathleen P. Hyland, Esquire, dated November 8th, 2019 ("Hyland Declaration"), which is filed contemporaneously herewith and incorporated herein by reference as Exhibit "B".

9. The disclosures for the instant application required under Local Rule 7.3 are set forth in the Memorandum in support of the instant Motion.

## MEMORANDUM OF LAW

### A. THE ATTORNEY FEE REQUEST OF CLASS COUNSEL IS REASONABLE AND IN ACCORDANCE WITH THE "COMMON FUND DOCTRINE"

#### 1. Overview of Common Fund Doctrine

In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F.Supp.2d at 1358, citing *Camden I Condo Ass'n v. Dunkle,* 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

4

While it is within the Court's discretion to determine the reasonableness of the proposed award, negotiated attorney's fees and costs awards in class action settlements are strongly encouraged. *See, Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of the fee."); *accord, Cohn v. Nelson.*, 375 F. Supp. 2d 844, 854 (E.D. Mo. 2005) ["where, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference"].

The reasonableness of the Attorney's Fees Request is confirmed by examining it both as a percentage of the total Settlement as well as the various factors established for evaluating attorney fee requests (including the so-called "*Johnson*" factors). *Camden I Condo. Ass'n*, 946 F.2d at 774-775.

### 2. The Attorney Fee Request is Reasonable as a Percentage of the Total Settlement

"The majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I Condo. Ass'n*, 946 F.2d at 774. *Pinto v. Princess Cruise Lines*, 513 F.Supp. 2d 1334 (S.D.Fla. 2007) [30% of common fund]. In the instant case, the 33 1/3 % fee requested by Class Counsel is well in line with the bulk of fee awards in class action litigation. Courts regard this range as the "benchmark" range of reasonableness. *See Id.* at 775. The benchmark, however, is only that. The award may exceed it. *Camden I Condo. Ass'n*, 946 F.2d at 774-775 [as a general rule, "an upper limit is 50%"]; *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) [affirmed class attorneys' award of 33.3%]; *Cifuentes v. Regions Bank*, 2014 WL 1153772 (S.D.Fla. 2014); *In re Checking Overdraft Litigation*, 830 F.Supp.2d 1330 (S.D.Fla. 2011); *Francisco v. Numismatic Guaranty Company of America*, 2008 WL649124 (S.D.Fla. 2008); *cf., Stumf v. Pyod, LLC*, 2013 WL 6123156 (N.D. Ill. Nov. 20, 2013) [applying 30% of common fund to FDCPA class]; *Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D.Fla.

Sept. 26, 2012) [after review of case law, court concluded that 33% is consistent with the market rate in class actions].

The mediated attorneys' fees here easily satisfy that criteria. The Class Notice specifically set out the percentage of attorneys' fees that were to be requested. In particular, the Class Notice stated: "[a]s fees, Class Counsel will ask the Court to award the sum of 33 1/3 % of the Settlement Fund ($119,654.70), in addition to costs, travel, mediation and litigation expense incurred by Class Counsel in the amount of $15,000." (Exhibit B at ¶ 6). No class members have objected to the Attorney's Fees Request of Class Counsel. The absence of objection supports a finding of reasonableness, especially in light of the totality of the settlement. *See, Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1244-1245 (11th Cir. 2011) [cost and fee award reasonable in part because "the $1.5 million payment is designed to compensate the class counsel for the non-monetary benefits they achieved for the class"].

In *Faught,* the Eleventh Circuit considered a fee application in a class action which consisted of a $1.5 million lump sum paid by the class defendant to class counsel for the business practice changes initiated for the benefit of the class together with 25% of the monetary compensation paid to the class members. *Id*. at 243. Affirming the lower court's approval of the fee award to class counsel, the Eleventh Circuit recognized that the lump sum payment was designed to compensate class counsel for the non-monetary benefits they achieved for the class. *Id.*

The Eleventh Circuit's holding in *Faught* is in accord with *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In *Boeing*, the Supreme Court rejected the notation that the fees should be

limited to the amount claimed.[1] Instead, the Supreme Court held that fees should be based on the total benefits available. The Court specifically held:

> The right to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel. Unless absentees contribute to the payment of attorney's fees incurred on their behalves, they will pay nothing for the creation of the fund and their representatives may bear additional costs. The judgment entered by the District Court and affirmed by the Court of Appeals rectifies this inequity by requiring every member of the class to share attorney's fees to the same extent that he can share the recovery since the benefits of the class recovery have been "traced with some accuracy" and the costs of recovery have been "shifted with some exactitude to those benefitting."

*Id.* at 751.

### 3. The Amount of the Attorney Fee Request is Also Reasonable Under the *Johnson* Factors

#### a. *Overview of 11th Circuit Guideposts*

In cases where fees are sought in excess of 25%, the Eleventh Circuit endorses using the factors articulated in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of fees and costs. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The so-called "*Johnson* factors" are (1) the time and labor required; [2] (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the

---

[1] "Boeing appealed only one provision of the judgment. It claimed that attorney's fees could not be awarded from the unclaimed portion of the judgment fund for at least two reasons. First, the equitable doctrine that allows the assessment of attorney's fees against a common fund created by the lawyers' efforts was inapposite because the money in the judgment fund would not benefit those class members who failed to claim it." *Id.* at 480.

[2] The Eleventh Circuit made clear in *Camden I* that percentage of the fund is the exclusive method for awarding fees in common fund class actions ... "[and] [t]he lodestar approach should not be imposed through the back door via a 'cross-check'." *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1362.

time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772. Applying the *Johnson* factors, the reasonableness of the Attorney's Fees Request is further established.

### b. *Application of "Johnson Factors."*

#### i. *The Time and Labor Required, Preclusion from Other Employment and the Time Limits Imposed Justify the Attorney Fee Request.*

The first, fourth, and seventh *Johnson* factors — the time and labor, preclusion of other employment, and time limitations imposed, respectively — are interrelated inquiries and each support the reasonableness of the request. Since the case was filed in 2017, Class Counsel litigated against a well-heeled defendant and experienced defense counsel to reach the Settlement. The efforts of Class Counsel are detailed in the respective declarations of Attorneys Murphy and Hyland.

The common fund recovery in the instant case is substantially less than the lodestar of Class Counsel. As of November 6, 2019, Attorney Murphy has incurred 222.6 hours of time and anticipates an additional 15 hours through closure for a total of 237.6 hours. [Murphy Declaration-¶28-29]. Using a customary hourly rate of $575, the lodestar for Attorney Murphy is $136,620.00 [Murphy Declaration- ¶28].

With respect to Attorney Hyland, as the date hereof, Attorney Hyland incurred 159 hours and anticipates an additional 8 hours through closure for a total of 167 hours [Hyland Declaration-¶28-29]. Using a customary hourly rate of $375, the lodestar for Attorney Hyland is $62,625.00 [Hyland Declaration- ¶32].

8

The combined lodestar of Class Counsel is just under $200,000. The substantial work necessitated by this case diverted the time and resources from being put into other matters. *See Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983). To be sure, the expenditure of time necessarily had some adverse impact upon the ability of counsel for plaintiff to accept other work, and this factor should raise the amount of the award. *See also, Stalcup v. Schlage Lock Co.*, 505 F.Supp.2d 704, 708 (D. Colo. 2007) (noting that "the *Johnson* court concluded that priority work that delays a lawyer's other work is entitled to a premium.").

> ii. *The Case Involved Difficult Issues; the Risk of Nonpayment and Not Prevailing on the Claims Was High.*

The second, sixth, and tenth *Johnson* factors — the novelty and difficulty of the questions, whether the fee is contingent, and the "undesirability" of the case, respectively — are also interrelated and support the requested fee award.

This case is novel on several levels. Firstly, Defendant Greensky and its affiliates have been named as a defendant in several individual and class actions challenging its business practices. *See, e.g.*, *Bentley v. Greensky Trade Credit, LLC*, 156 F. Supp. 3rd 2714 (D. Conn. 2015); *Terlizzi v. Greensky, LLC*, 2018 WL 2196090 (D. Colo. 2018) [class action stayed as a result of arbitration provision in finance agreement]; *Alfortish v. Greensky, L.L.C.,* 2017 WL 699830 (E.D. La. 2017); *Fermin v. Greensky, LLC*, 2017 WL 4423413 (N.D. Ga 2017). Class Counsel is unaware of any action that went beyond a dispositive motion dismiss or compel arbitration prior the class settlement in the instant action. Indeed, if the Court had found that the TILA cost of credit disclosures had been made to the Class Representative, the matter would have been subject to arbitration and class relief would be untenable based on the United States Supreme Court rulings in *AT&T Mobility v. Concepcion*, 563 U.S. 333 (2011) and its progeny.

9

In addition, the ability to recover costs and fees in this case has always been contingent on a successful outcome and substantial recovery. Counsel had to advance costs and fees and risked receiving nothing in return. This is important because "[a] determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risks of failure and non-payment in a class action are extremely high." *Pinto,* 513 F. Supp.2d at 1339. Indeed, "[a] contingency fee arrangement often justifies an increased in the award of attorney's fees." *In re Checking Acc't Overdraft Litig.*, 830 F. Supp.2d at 1364, quoting *In re Sunbeam Sec. Litig.*, 176 F. Supp.2d at 1335. Accordingly, some courts have observed that "[a]ttorneys' risk is perhaps the foremost factor in determining an appropriate fee award." *Francisco v. Numismatic Guar. Corp.*, No. 06-61677, 2007 U.S. Dist. LEXIS 96618 at *35 (S.D. Fla. Jan. 30, 2007), citing *Pinto*, 513 F.Supp.2d at 1339.

The novelty and contingent nature of the case demonstrates the undesirability of the case. Few lawyers will take on a lawsuit that consumes significant attorney time, involves uncertain questions, and requires lawyers to advance out-of-pocket costs, and risk getting paid nothing.

Although Class Counsel were able to obtain a significant recovery for the class, achieving this outcome was anything but certain when they agreed to take the case, and thus these factors all weigh in favor of approving the mediated cost and fee amount. *See In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1364 (" 'Undesirability' and relevant risks must be evaluated from the standpoint of plaintiffs' counsel as of the time they commenced the suit, not retroactively, with the benefit of hindsight"), *citing Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 112 (3rd Cir. 1976).

10

> iii. *Class Counsel Achieved an Excellent Result for the Settlement Class.*

The eighth *Johnson* factor looks to the amount involved in the litigation with particular emphasis on the "monetary results achieved" in the case by class counsel. *See Allapattah Servs. Inc. v. Exxon Corp.*, 454 F. Supp.2d 1185, 1202 (S.D.Fla. 2006).

The proposed settlement provides for a Settlement Fund of $359,500 for a class of approximately 131 accounts (after taking into account the sole opt-out). After deducting *inter alia,* the requested fee and expense application, each class member's *pro rata* share is approximately $1610.66, which as noted previously is well above the range of other similar settlements. The payment to the participating class members will be without a claim form and will be automatic. This factor weighs strongly in favor of approving the cost and fee amount.

> iv. *The Requested Fee is Consistent with Other Consumer Class Settlements.*

The fifth and twelfth *Johnson* factors, the customary fee and awards in similar cases supports approval. Many similar consumer class settlements provide for one-third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016, Doc. 95 (S.D.Fla. June 24, 2015) (awarding one-third plus costs):*Gehrich v. Chase Bank USA, N.A.*, No.1:12-cv-05510 (N.D. Ill. Aug.12, 2014) (preliminarily approving attorneys' fees and costs up to $11,000,000 (Feinerman, J.) (Dkt. No.117) (one-third of the settlement fund after subtracting a dedicated cy pres distribution); *Maring v. Dun & Bradstreet, Inc.*, et al., No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (Dkt.No.63) (awarding one-third fee payment of distributed fund); *Cummings v. Sallie Mae,* 12 C-9984 (N.D. Ill. May 30, 2014) (Gottshall, J.) (Dkt. No. 91) (awarding one-third of the common fund for fees); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) (Castillo, J.) (Dkt. No. 86) (awarding one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) (Bucklo, J.) (Dkt. No. 243) (approving

payment of one-third of common fund); *Paldo Sign & Display Company v. Topsail Sportswear Inc.*, No. 1:08-cv-05959 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (Dkt. No. 116) (approving one-third of the settlement fund plus expenses); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv-05456 (N.D. Ill. Oct 27, 2011) (Kennelly, J.) (Dkt. No. 424) (Dkt. No. 100) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 1:07-cv-05953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Dkt. No. 146) (same); *Hinman, et al. v. M&M Rental Ctr, Inc.*, No. 1:06-cv-01156 (N.D. Ill. Oct.6, 2009) (Bucklo, J.) (Dkt. No. 225) (same); *Holtzman v. CCH*, No. 1:07-cv-07033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Dkt. No. 33) (same); *CE Design, Ltd. v. Exterior Sys., Inc.*, No. 1:07-cv-00066 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Dkt No. 39) (same); *e.g. Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (Awarding 33% of the common fund plus costs); *Accounting Outsourcing, LLC v. Verizon Wireless*, No. 03-CV-161, 2007 U.S. Dist. LEXIS 97153, at *6-7 (M.D. La. 2007) (awarding in excess of 35% of the common fund plus costs).

Recently, the court in *In re Capital One Tel. Consumer Prot. Act Litig.*, 2015 U.S. Dist. LEXIS 17120, *62 (N.D. Ill. Feb. 12, 2015), analyzed dozens of consumer class settlements throughout the country and determined that a risk adjusted fee structure would provide a fee of 36% for the first $10 million and then lower percentages after that. *See also, Allapattah*, 454 F. Supp.2d at 1202 (S.D. Fla. 2006) (awarding 31.33%). Accordingly, this factor also favors the proposed cost and attorney fee award in the instant case.

### v. This Case Required a High Level of Skill.

The remaining *Johnson* factors — the skill required to perform the legal services properly and the experience, reputation, and ability of the attorneys — confirm that the costs and fees sought are reasonable. As shown above, Class Counsel achieved a settlement that confers substantial monetary and non-monetary benefits to the Settlement Class despite the hard-fought litigation

against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F.Supp.2d at 1334 ("In assessing the quality of representation, courts have also looked to the quality of the opposition the plaintiffs' attorneys faced.")

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues and have been lead counsel in numerous class actions. The *Johnson* factors confirm that the mediated cost and attorney fee award agreed upon is reasonable.

### B. THE CLASS REPRESENTATIVE SERVICE AWARD SHOULD BE APPROVED AS BEING REASONABLE AND WITHIN THE RANGE OF AWARDS IN OTHER CLASS ACTIONS.

Pursuant to the Settlement Agreement, Defendants agreed to pay a service award of Seven Thousand Five Hundred Dollars ($7,500.00) to the Class Representative for her service to be paid from the Class Fund. Ms. Locicero has previously filed her declaration in support of preliminary approval [DE 88-2]. As the record demonstrates, Ms. Locicero spent a considerable amount of time in assisting Class Counsel in the prosecution of this action. The efforts of Ms. Locicero included, among other things, multiple attorney-client conferences and assisting in the case settlement.

"Other courts consistently approve incentive awards in class action lawsuits to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation." *Camp v. Progressive Corp.*, 2004 WL2149079 at*8 (E.D.La.2004); *see, also,* Carrabba *v. Randall Food Markets, Inc.*, 191 F.2d 815, 835 (M.D.Tex.2002). Moreover, under circumstances where a private class action suit serves the need to enforce laws "designed for the protection of the public,"

"[c]ourts have found it appropriate to especially reward named class plaintiffs for the benefits they have conferred." *M.W. Princess Cruise Lines*, 513 F.Supp.2d 1334, 1344 (S.D.Fla.2007).

The amounts requested here are consistent with the amounts awarded in class litigation where a class representative performs significant service to the class. *In re Lease Oil Antitrust Litig. II*, 186 F.R.D.403, 449 (S.D.Tex.1999) [$10,00 incentive award]; *In re Granada Partnership Securities Litig.*, 805 F. Supp 1236, 1247 (E.D.Tex.1992) [service award of $5,000]. In recent class actions, this Court has approved significant incentive awards within the range of the amount sought herein. *See,* e.g., *Rosen v. J.M. Auto, Inc.,* No. 07-cv-61234 (S.D. Fla. 2010) [$125,000 incentive award in seat-belt defect litigation matter]; *Camp,* 2004 WL2149079 at*7 [awarding fees of up to $10,000 to each named plaintiff]; *Allapattah Services,* 454 F.Supp.2d at 1191 [in complex class litigation against fuel supplier, court approved incentive award of 1.5% of class fund]; *In Re Terazosin Hydrochloride Litigation,* 2005 WL 2451958 (S.D. Fla. 2005) [incentive awards to named plaintiffs ranging from $2,500 to $40,000]; *Nelson v. Mead Johnson & Johnson*, 484 Fed. Appx. 429 (11th Cir.2012) [$10,000 award to lead class representative]; *In re Checking Overdraft Litigation*, 830 F.Supp.2d 1330 (S.D.Fla.2011)*; David v. American Suzuki Motor Corp.*, 2010 WL1628362 (S.D.Fla.2010) [incentive award of $5,000 plus a new motorcycle].

Ms. Locicero has previously submitted her Declaration in Support of Motion for Preliminary Approval which details her involvement in the instant litigation. Her willingness to devote her time and energy to prosecuting the representative action lead to substantial benefits for the Class she represents, and in consideration of the overall benefit, the Class Representative Service Award should be approved.

WHEREFORE, Plaintiff, Francisca D. Locicero, individually and on behalf of all others similarly situated, respectfully requests this Court:

A.       Approve the payment by Defendants of $119,665.70 in attorney's fees and $15,000 in litigation expense and cost to Class Counsel from the Class Settlement Fund;

B.       Approve the payment of a service award to the Class Representative in the amount of $7,500.00;

C.       And for such other and further relief as justice may require.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY, ESQ.
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Facsimile:  (954) 763-8607
E-Mails: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com

***Counsel for Plaintiff***

KATHLEEN P. HYLAND
*Admitted pro hac vice*
Hyland Law Firm, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
Telephone: (410) 777-8536
Facsimile:  (410) 777-8237
E-Mail: kat@lawhyland.com

***Co-Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on November 11, 2019 on the following counsel for Defendants, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing:

Barry Goheen, Esq.
FISHERBROYLES, LLP
4279 Roswell Road NE
Suite 208, #351
Atlanta, Georgia 30309
E-Mail: barry.goheen@fisherbroyles.com

Irene Oria, Esq.
FISHERBROYLES, LLP
199 E. Flagler St., #550
Miami, FL 33131
E-Mail: irene.oria@fisherbroyles.com

*Attorneys for Defendants*

/s/ *Robert W. Murphy*
*Attorney for Plaintiff*