**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:17-cv-61484-DPG**

FRANCISCA D. LOCICERO, an individual,
on behalf of herself and all others similarly
situated,

       Plaintiff,

vs.                                     **CLASS ACTION**

INTRUST BANK, N.A., a national banking
association, and GREENSKY, LLC, a Georgia
limited liability company,

       Defendants.

_____/

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

THIS CAUSE came before the Court on Plaintiff, Francisca D. Locicero, individually and

on behalf of the proposed Settlement Class[1] (the "Plaintiff" or "Settlement Class Representative"),

and Defendants', Intrust Bank, N.A. and GreenSky, LLC (collectively, the "Settling Defendants"),

joint Motion for Final Approval of Class Action Settlement Agreement (the "Motion") [ECF No.

94]. In the Motion, the parties ask the Court to approve the Settlement Agreement and Release (the

"Agreement" or "Settlement Agreement"), grant final certification of this Class Action against

Settling Defendants, appoint the Settlement Class Representative and Settlement Class Counsel,

and enjoin the prosecution of claims released pursuant to the Settlement Agreement. The Court

reviewed the Motion and the Settlement Agreement at a Fairness Hearing on November 21, 2019,

about which the Settlement Class Members were notified and given an opportunity to appear and

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement
Agreement, some definitions, however, are repeated throughout this Order for clarity.

voice objections. Additionally, Settlement Class Counsel have petitioned for an award of attorneys' fees and costs. The Court makes the following findings of fact for the purposes of the final settlement and disposition of this Class Action:

A.    For the purposes of settlement only, the Settlement Class was preliminarily and conditionally certified pursuant to the Preliminary Approval Order. [ECF No. 90]. The Settlement Class is so numerous that joinder of all members is impractical. There are questions of law and fact common to the Settlement Class. The claims of the Settlement Class Representative are typical of the claims of the Settlement Class. The Settlement Class Representative has fairly and adequately represented and protected the interests of the Settlement Class. Questions of law and fact common to members of the Settlement Class predominate over questions affecting individual members.

B.    The Settlement Agreement is fair, adequate, and reasonable and in the best interests of the Settlement Class.

C.    The Settlement Class has at all times, including during the negotiation of the Settlement Agreement and its presentation to the Court, been represented by competent counsel. Settlement Class Counsel have recommended to the Court that the Settlement Agreement be approved. Settlement Class Counsel have exercised skill and experience in representing the Settlement Class.

D.    The Notice has been provided to Putative Class Members in accordance with the Preliminary Settlement Approval. The Notice was reasonably calculated to inform Putative Class Members of the essential features of this Class Action.

E.      Since the Notice provided to Putative Class Members provided the best notice practicable under the circumstances, it is fair and reasonable to make the Settlement Agreement binding on all Settlement Class Members who did not actually receive notice thereof.

F.      As a condition of the Settlement, the Settlement Class Representative, on behalf of herself individually and of each of the Settlement Class Members, has agreed to release all claims arising under federal, state, or common law as specified in the Settlement Agreement.

G.      All Persons who timely filed Opt-Out Forms in accordance with the procedures set out in the Notices and the Settlement Agreement are listed on Addendum A to this Order.

H.      Class Counsel has requested attorneys' fees and expenses ("Attorney Fee Request") to be paid from the Settlement Fund. As fees, Class Counsel seeks the sum of 33 1/3 % of the Settlement Fund ($119,654.70), in addition to costs, travel, mediation, and litigation expenses incurred by Class Counsel in the amount of $15,000. Class Counsel has also requested that the Court approve an Incentive Award ("Incentive Award") of $7,500 to be paid from the Settlement Fund to the Class Representative for the time and resources she has spent helping the lawyers on behalf of the whole Class.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of this Final Judgment, the Court has jurisdiction over the subject matter of this Class Action and personal jurisdiction over the parties and each of the Settlement Class Members.

2.      The Court finds that the Settlement Class fully satisfies the relevant requirements of Federal Rule of Civil Procedure 23. The Court further finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in this Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that

3

predominate over any individual questions; (c) the claims of the Settlement Class Representative are typical of the claims of the Settlement Class; (d) the Settlement Class Representative and Settlement Class Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members.

3.      Pursuant to Rule 23(b)(3), this Class Action is hereby finally certified as a class action on behalf of a class consisting of:

> All persons who obtained an extension of credit in the State of Florida from Intrust that was arranged by GreenSky, between the time period from July 26, 2016, and July 25, 2017.

The Settlement Class does not include those persons who timely and properly opted out of the Settlement Agreement.

4.      The Settlement Agreement is hereby approved as fair, adequate, and reasonable to the Settlement Class.

5.      The Court finds that the Notice provided to Settlement Class Members was the only notice required, and that such Notice, including the right of a Settlement Class Member to opt out or object to the Settlement Agreement, as described in said Notice, satisfies the requirements of due process and all applicable laws.

6.      A judgment shall be entered, which shall dismiss with prejudice the claims of Settlement Class Representative and Settlement Class Members against the Settling Defendants (the "Final Judgment"). Because there is no just reason for delay, the Court hereby directs that this Order be entered as a final judgment on the dismissed claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

7.      The terms of the Settlement Agreement and of this Final Judgment, including all exhibits and supplemental exhibits thereto, shall forever be binding on, shall have, as to all matters

that were, or could have been, raised in this Class Action, *res judicata* (claim preclusive) effect and collateral estoppel (issue preclusive) effect in all pending and future lawsuits maintained by or on behalf of the Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and shall enjoin all Settlement Class Members from hereafter prosecuting similar claims against any and all Released Parties, even if some Settlement Class Members never received the Class Notice. All claims for damages of any kind on behalf of Settlement Class Members are hereby extinguished, except as provided for in the Settlement Agreement.

8. The Settlement Administrator shall provide the benefits of the Settlement Agreement to the Settlement Class Representative and the Settlement Class as provided for in the Settlement Agreement and in accordance with the Notice.

9. After entry of this Final Judgment, and without affecting its finality in any way, this Court hereby retains continuing jurisdiction over: (a) the construction, interpretation, implementation, and enforcement of the Settlement Agreement; (b) hearing and determining applications for attorneys' fees and expenses and an incentive award in this Class Action; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

10. All Released Claims, as described in the Settlement Agreement, by or on behalf of any Settlement Class Member in any forum are hereby permanently enjoined, except as may be necessary in this Class Action only to implement the Settlement Agreement or comply with the terms of the Settlement Agreement. Neither the Settlement Class Representative nor any Settlement Class Member, either directly, representatively, or in any other capacity, nor any person or entity allegedly acting on behalf of any Settlement Class Member, shall commence, continue, or prosecute against the Settling Defendants, or against the other Released Parties, any action or

proceeding in any court, tribunal, or elsewhere, asserting any of the Released Claims. This injunction has one exception: it shall not apply to individual claims of any Putative Class Member who timely excluded herself from this Class Action. This injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's flexibility and authority to effectuate this Settlement Agreement and to preserve this Final Judgment; and this injunction is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. §§ 165(a) and 2283.

11.     The Court expressly retains jurisdiction and will continue to retain jurisdiction in this Class Action so that it can enforce the Settlement Agreement and this Final Judgment by, among other things, issuing injunctions in the appropriate instances against later actions filed in violation of the terms of the Settlement Agreement and this Court's Order.

12.     The Attorney Fee Request of Class Counsel is approved. Payment shall be made pursuant to the terms of the Settlement Agreement, payment being due and payable ten (10) days after entry of this Order.

13.     The payment by the Settling Defendants to the Settlement Class Representative of the Incentive Award is hereby approved. Payment shall be made by the Settling Defendants within ten (10) days after entry of this Order in a form made payable to the Settlement Class Representative care of Settlement Class Counsel.

14.     The Settling Defendants shall make payment required under the Settlement Agreement to the Settlement Class Members within ten (10) days after entry of this Order. The Settlement Administrator and Settlement Class Counsel shall further file a Notice to inform the Court of which Settlement Class members have not deposited their funds from the Settlement Agreement within 150 days of distribution of the Settlement payments.

15.     In the event that the Settlement Agreement does not become effective, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of November, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**ADDENDUM A**
**All Settlement Class Members Requesting Exclusion**

Claudette Bromley